11-2984-ag
Huang v. Holder

BIA
Weisel, IJ
A089 252 348

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:
    ROSEMARY S. POOLER,
    ROBERT D. SACK,
    RICHARD C. WESLEY,
        *Circuit Judges.*

_____

SHUN FU HUANG,
        *Petitioner,*

        v.                                           11-2984
                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Gary J. Yerman, Yerman & Associates, LLC, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Elizabeth R. Chapman, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shun Fu Huang, a native and citizen of the People's Republic of China, seeks review of a June 29, 2011, decision of the BIA affirming the May 21, 2009, decision of Immigration Judge ("IJ") Robert Weisel denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shun Fu Huang*, No. A089 252 348 (B.I.A. June 29, 2011), aff'g No. A089 252 348 (Immig. Ct. N.Y. City May 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Huang's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her or her witness's statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Huang did not testify credibly regarding her claim that she was arrested and detained in China on account of her proselytizing. The IJ reasonably relied on inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. As the agency noted, Huang's testimony regarding when she began attending church in the United States was inconsistent with the letter from the assistant pastor of her church. The IJ reasonably declined to credit Huang's explanation that the inconsistency was a result of a typographical error, *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-

3

finder would be *compelled* to credit his testimony." (internal quotation marks omitted)(emphasis in original)), particularly in light of the fact that, if the December 2007 date stated in the letter was a typographical error, the letter – dated September 2008 – would have been composed prior to date on which Huang began attending church.  Further, the IJ reasonably relied on Huang's omission from her asylum application of the fact that her friends who were distributing flyers were also arrested, a fact that she described in her testimony on the merits of her application.  *See Xui Xia Lin*, 534 F.3d at 166 n.3 (treating an inconsistency and an omission as "functionally equivalent").  Although Huang argues that these inconsistencies are not sufficient to form the basis of an adverse credibility determination, under the REAL ID Act, these inconsistencies provide substantial support for the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that the agency may base a credibility determination on inconsistencies between the applicants statements, and "the consistency of such statements with other evidence of record").

Huang also argues that the IJ failed to consider the totality of the circumstances – specifically that her

testimony was otherwise consistent with her written statement – in finding her not credible.  The IJ's decision, however, reflects that he considered Huang's testimony in its entirety, as he reviewed it in his oral decision before denying Huang relief.  Accordingly, the agency did not err in denying asylum, withholding of removal, and CAT relief insofar as those claims were based on her practice of Christianity.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5